# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Carter*, 2011 IL App (3d) 090238

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CEDRIC S. CARTER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-09-0238 |
| Filed | October 5, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of a controlled substance was upheld over his contention that he was subjected to a strip search in violation of his statutory and constitutional rights, since there was no strip search where the officer did not arrange defendant's clothing "so as to permit a visual inspection of" defendant's underwear, and even if there was, the search was reasonable under the circumstances, but the trial court erred in imposing the $100 public defender fee without conducting a hearing on defendant's ability to pay the fee. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 08-CF-764; the Hon. Michael E. Brandt, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on
Appeal

Catherine K. Hart, of State Appellate Defender's Office, of Springfield, for appellant.

Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.

Presiding Justice Carter and Justice O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1    After a stipulated bench trial, the defendant, Cedric S. Carter, was found guilty of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2008)) and sentenced to 30 months' probation. He appeals his conviction and argues that the trial court committed reversible error by denying his motion to suppress evidence. He also argues that the trial court erred by ordering him to pay a $100 public defender fee without first determining his ability to pay. We affirm in part and reverse in part.

¶ 2                                    FACTS

¶ 3    On May 2, 2008, at approximately 6 p.m., the defendant was pulled over for failing to stop at a stop sign. The officer who stopped him ran a license check and discovered that the defendant's license was suspended. The officer returned to the vehicle and informed the defendant that he was being arrested for driving on a suspended license.

¶ 4    After placing the defendant in handcuffs, the officer conducted a search of the defendant's person. During the search, the officer found a small amount of cocaine in the defendant's crotch area.

¶ 5    On November 13, 2008, the defendant filed a motion to suppress the cocaine, alleging that the officer conducted an illegal strip search. Specifically, the defendant claimed that the officer's strip search violated his rights under the fourth amendment of the United States Constitution and article I, section 6, of the Illinois Constitution. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. He also alleged the strip search violated his statutory rights under the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/103-1 (West 2008).

¶ 6    The hearing on the motion to suppress took place that same day. The officer who conducted the search was called to testify. The officer stated that after he cuffed the

defendant, he conducted a pat down search. During that search, he squeezed the defendant's crotch because, in his experience, it was a known spot where individuals hid contraband. Because the material did not "mesh" together, the officer believed that the defendant was hiding drugs. While still on the street, the officer unzipped the defendant's pants and saw a plastic bag sticking out of a hole in the defendant's clothing, which he removed. The officer did not state whether he was able to see the defendant's underwear once he pulled the zipper down. The officer admitted that the defendant's underwear was exposed during the search, but he also explained that the defendant's underwear was exposed prior to the search because the defendant wore his pants low. The officer further testified that, to the best of his understanding, the policy of his department was that in order to conduct a strip search, he would have to first get permission from a shift lieutenant.

¶ 7     The defendant testified that, after he was handcuffed, the officer unbuckled the defendant's belt, unbuttoned his pants, and unzipped his pants as well. He also stated that, during the search, his pants slid down below his crotch area.

¶ 8     After hearing all the evidence, the trial court found that the defendant was subjected to a search incident to a lawful arrest and not a strip search. The court also concluded that, although the strip search statute places certain limits upon the performance of strip searches, a violation of the statute is merely "a form of official misconduct" that "does not *** directly implicate the Fourth Amendment as far as excluding evidence." The trial court found that the search in this case was reasonable under the circumstances and therefore did not violate the fourth amendment. Thus, the court held that the plaintiff's motion to suppress should be denied.

¶ 9     The stipulated bench trial proceeded on December 2, 2008, and the defendant was found guilty of possessing a controlled substance. The defendant's motion for a new trial was denied, and on March 23, 2009, the defendant was sentenced to 30 months' probation. The trial court also applied the defendant's bond to a $100 laboratory fee and a $100 public defender fee. The defendant timely appealed.

¶ 10                                    ANALYSIS

¶ 11    On appeal, the defendant argues that the trial court erred by denying his motion to suppress evidence and by imposing a $100 public defender fee without first holding a hearing to determine his ability to pay the fee. We first consider whether the search of the defendant violated the defendant's statutory and constitutional rights. On review, all findings of fact made by the trial court will be accepted unless they are manifestly erroneous, but the ultimate decision regarding the reasonableness of a warrantless search is reviewed *de novo*. *People v. Holliday*, 318 Ill. App. 3d 106 (2001).

¶ 12    The Illinois legislature has passed a statute limiting the use of strip searches. 725 ILCS 5/103-1 (West 2008). The statute states:

    "(c) No person arrested for a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is reasonable belief that the individual is concealing a weapon or controlled substance.
        (d) 'Strip search' means having an arrested person remove or arrange some or all of

his or her clothing so as to permit a visual inspection of the genitals, buttocks, anus, female breasts or undergarments of such person.

(e) All strip searches conducted under this Section shall be performed by persons of the same sex as the arrested person and on premises where the search cannot be observed by persons not physically conducting the search." 725 ILCS 5/103-1 (West 2008).

¶ 13    In this case, the trial court concluded that the officer's search of the defendant did not constitute a strip search under the statute. In order to reach this conclusion, the court necessarily had to make a factual finding that the officer did not arrange the defendant's clothing so as to permit a visual inspection of his underwear. 725 ILCS 5/103-1(d) (West 2008). We may reverse this factual finding only if it is against the manifest weight of the evidence. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001). Here, there was conflicting testimony regarding the extent of the search performed on the defendant. The defendant testified that his pants slid down below his crotch area during the search. However, the arresting officer testified that he merely unzipped the defendant's pants and removed a plastic bag sticking out of a hole in the defendant's clothing. Although the officer admitted that the defendant's underwear was exposed during the search, he testified that defendant's underwear was already exposed prior to the search because the defendant wore his pants low. This testimony arguably supports the circuit court's finding that the officer did not arrange the defendant's clothing "so as to permit a visual inspection of" the defendant's underwear. Accordingly, we hold that the trial court's factual determination was not manifestly erroneous and, therefore, the defendant was not strip searched.

¶ 14    We also agree with the trial court that the search in this case was a valid search incident to arrest that did not violate the fourth amendment. At the time of the arrest, the officer conducted a pat down search of the defendant and squeezed the defendant's crotch area. This action was permissible as part of a search incident to a lawful arrest. A search incident to a lawful arrest is a warrantless search of an arrestee where an arresting officer searches for weapons or any evidence of a crime on the arrestee's person. *People v. Williams*, 28 Ill. App. 3d 189 (1975). An officer is allowed to search any area where "an arrestee might reach in order to grab a weapon or evidentiary items." (Internal quotation marks omitted.) *Williams*, 28 Ill. App. 3d at 193-94. Thus, an arresting officer may conduct a "full search of the [defendant's] person" incident to a lawful arrest, even if the officer is searching for contraband or other evidence that is not directly related to the crime for which the individual is being arrested. (Internal quotation marks omitted.) *Id.* at 193. In this case, the officer squeezed the defendant's crotch because it was a known spot where individuals hide illegal drugs and, thus, the search was permissible. See *United States v. Robinson*, 414 U.S. 218 (1973) (holding that search of defendant's clothing after he was arrested for driving with a revoked license was reasonable as search incident to lawful arrest even though officer did not fear for his safety and was not looking for evidence of traffic violation); *Gustafson v. Florida*, 414 U.S. 260 (1973). Once the defendant's clothing failed to "mesh," the officer had the reasonable suspicion necessary to conduct a limited search for concealed drugs in the zipper area of the defendant's pants. As the trial court found, the limited search performed by the officer in this case was reasonably related to his reasonable belief that the defendant might have concealed drugs in that area. Thus, we hold that the officer's unzipping the

defendant's pants and extracting readily accessible contraband did not exceed the scope of a search incident to a lawful arrest.[1]

¶ 15     Even if the search constituted a strip search under the statute, however, we would still affirm the trial court's judgment because we find that the search was reasonable under the circumstances. The defendant argues that the search was unreasonable under the statute because subsection (c) prohibits officers from strip searching individuals who are arrested for traffic offenses. 725 ILCS 5/103-1(c) (West 2008). However, subsection (c) allows the officer to do a strip search if the officer has a reasonable belief that the individual is concealing a controlled substance. 725 ILCS 5/103-1(c) (West 2008). Contrary to the defendant's assertion, the officer had reasonable belief in this case. As noted above, once the defendant's clothing failed to "mesh," the officer had the reasonable suspicion necessary to search for a concealed controlled substance in the zipper area of the defendant's pants, even if that search constituted a strip search under the statute.

¶ 16     However, even though the circumstances presented here would have justified a properly conducted strip search under the statute, the search conducted in this case was not conducted in the manner prescribed by the statute. Subsection (e) requires that all strip searches be conducted in an area where the arrestee cannot be observed by individuals not performing the search. 725 ILCS 5/103-1(e) (West 2008). Here, the search was conducted on a public street while it was still daylight. Furthermore, the officer made no attempt to shield the defendant from view. Accordingly, assuming that the search was a strip search under the statute, the officer failed to comply with the statute.

¶ 17     Nevertheless, we agree with the trial court that violation of the statute does not automatically trigger fourth amendment concerns. See U.S. Const., amend. IV (protecting individuals from unreasonable searches). We find the case of *Doe v. Burnham*, 6 F.3d 476 (7th Cir. 1993), persuasive. In that case, an Illinois plaintiff filed a civil rights suit claiming that she was improperly subjected to a strip search for a misdemeanor offense in violation of the strip search statute. *Doe*, 6 F.3d 476. The reviewing court was forced to consider whether a jury instruction directing the jury to evaluate "Fourth Amendment reasonableness" in terms of the Illinois strip search statute was correct. *Doe*, 6 F.3d at 480. The court held that such an instruction was incorrect because, while the plaintiff may have been strip searched in violation of Illinois law, that did not automatically mean that the search was unreasonable under the fourth amendment. *Doe*, 6 F.3d 476.

¶ 18     Moreover, the defendant does not argue that the Illinois Constitution provides greater protection from strip searches than the federal constitution. In general, a court "will not expand the state exclusionary remedy beyond the federal one, unless the proponent of the expansion can show either that (1) the framers of the 1970 constitution intended the

---

[1]Our holding is based in large part on the limited scope of the search conducted in this case. A more intrusive search involving the removal of a defendant's clothing and the full exposure of his or her underwear at the scene of a traffic stop might not be permissible as a search incident to arrest. See, *e.g.*, *Illinois v. Lafayette*, 462 U.S. 640, 645 (1983) (stating, in *dictum*, that "the interests supporting a search incident to arrest would hardly justify disrobing an arrestee on the street").

expansion; or that (2) denying the expansion would be antithetical to 'state tradition and value as reflected by long-standing case precedent.' " *People v. Glorioso*, 398 Ill. App. 3d 975, 985 (2010) (quoting *People v. Caballes*, 221 Ill. 2d 282, 314 (2006)). As no such argument is forthcoming from the defendant, we choose, at this juncture, not to expand the exclusionary remedy under the state constitution.

¶ 19 Accordingly, even assuming that the search violated the Illinois strip search statute, the dispositive question is whether the search, as a whole, was reasonable under the fourth amendment. The court in *People v. Johnson*, 334 Ill. App. 3d 666 (2002), identified four factors to consider when evaluating the reasonableness of a strip search. These factors include: (1) the scope of the intrusion; (2) the manner the search was conducted; (3) the justification for initiating it; and (4) the place where it was conducted. *Johnson*, 334 Ill. App. 3d 666.

¶ 20 In this case, the fourth factor clearly favors the defendant because the search was conducted on a public street in daylight, while the third factor clearly favors the State because, as described above, the officer had a reasonable suspicion that the defendant possessed contraband. In evaluating the other two factors, we do not think the scope or manner of the search was unreasonable. As noted above, unzipping the defendant's zipper and extracting readily accessible contraband did not exceed the scope of a search incident to a lawful arrest. See *Williams*, 28 Ill. App. 3d at 193 (holding that during search incident to custodial arrest a "*full search* of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." (Emphasis added.) (quoting *Robinson*, 414 U.S. at 235)). Moreover, because the defendant voluntarily chose to dress in a manner that exposed his underwear, he cannot complain that the officer violated his privacy rights by exposing a portion of his underwear. See generally *United States v. Santana*, 427 U.S. 38, 42 (1976) ("What a person knowingly exposes to the public *** is not a subject of Fourth Amendment protection." (Internal quotation marks omitted.)); see also *People v. Sutherland*, 92 Ill. App. 3d 338, 342 (1980). Further, while the officer admitted to exposing the defendant's underwear, there is no indication from the record that anyone, other than the officer, would have been able to see the portion of the defendant's underwear that was exposed by the search. Consequently, because the search was conducted in a way that provided minimal embarrassment to the defendant while still allowing the officer to extract the cocaine which he reasonably believed to be present, we hold that the officer's actions did not constitute an unreasonable search.

¶ 21 The defendant also contends on appeal that the trial court erred by not holding a hearing to determine whether the defendant could afford the $100 public defender fee pursuant to section 113-3.1(a) of the Code. 725 ILCS 5/113-3.1(a) (West 2008). The State concedes that this was an error. We agree with the parties that a hearing should have been conducted prior to ordering reimbursement. *People v. Love*, 177 Ill. 2d 550 (1997). We reverse and remand for further proceedings consistent with this order.

¶ 22                                          CONCLUSION

¶ 23 We hold that the search of the defendant in this case was not a "strip search" under

section 103-1 of the Code. 725 ILCS 5/103-1 (West 2008). Moreover, even if the search constituted a strip search under that section, we hold that the search was not unreasonable in scope as a search incident to a lawful arrest. We further hold that the defendant is entitled to a hearing on his ability to the pay the public defender fee.

¶ 24  Affirmed in part and reversed in part; cause remanded.